IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

JOE BRUNSON,                )
                            )
        Petitioner,         )
                            )
vs.                         )     CIVIL ACTION NUMBER:
                            )     CV-99-B-3308-E
R. WILEY, Warden,           )
                            )
        Respondent.         )
                            )

**ENTERED**

SEP 1 9 2001

### MEMORANDUM OPINION

The petitioner, Joe Brunson, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 14, 1999, challenging the constitutional validity of the Federal Bureau of Prisons' ("BOP") denial of his request for early release or a sentence reduction pursuant to 18 U.S.C. § 3621. He is currently incarcerated at the Federal Correctional Institution at Talladega, Alabama.

In response to this court's order to show cause, the respondent on February 29, 2000, filed a response. The petitioner filed a traverse in response on February 2, 2000. On February 9, 2000, the respondent filed a response that indicated that the above-styled action likely would be controlled by a case then pending for rehearing *en banc* at the Eleventh Circuit Court of

Appeals. On June 9, 2000, the respondent filed a status report asserting that the BOP had reopened the petitioner's administrative remedy and that the petitioner had been granted provisional eligibility for 3621(e)(2)(B) early release. More recently, on February 5, 2001, respondent submitted Lopez v. Davis, 531 U.S. 230, 121 S. Ct. 714, 148 L. Ed. 2d 635 (2001), sub nom. Houston v. Kilpatrick, 531 U.S. 1108, 121 S. Ct. 851, 148 L. Ed. 2d 766 (2001), and a motion to dismiss the petition, asserting that Lopez resolves the issue raised in the instant case. Accordingly, the court on February 7, 2001, entered an order regarding summary judgment.

The petitioner was convicted of conspiracy to possess with intent to distribute a controlled substance and possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. He was sentenced on March 20, 1997, and his sentence was increased two levels under United States Sentencing Guidelines 2D1.1(b)(1) for possession of a firearm, apparently based upon the presence of multiple firearms at the petitioner's residence where drug transactions took place. After being incarcerated, petitioner enrolled in a residential drug abuse program, the completion of which is a prerequisite to early release consideration under 18

U.S.C. § 3162(e)(2)(B).[1]  However, the Bureau of Prisons advised petitioner that, in its discretion, the BOP would not consider petitioner eligible for early release because of the two-level enhancement.

Petitioner contends that the blanket denial of early release consideration to inmates with a two-level sentence enhancement violates the Eleventh Circuit Court of Appeals decision in Byrd v. Hasty, 142 F.3d 1395 (11th Cir. 1998).  In Byrd, the court concluded that "the BOP exceeded its statutory authority when it categorically excluded from eligibility those inmates convicted of a nonviolent offense who received a sentencing enhancement for possession of a firearm.  The BOP's interpretation of the 18 U.S.C. § 3621(e)(2)(B) is simply in conflict with the statute's plain meaning." Id. at 1398.  On December 10, 1999, the Eleventh Circuit Court of Appeals invalidated the post-Byrd v. Hasty BOP regulation found at 28 C.F.R. § 550.58(a)(1)(vi)(B)(1998).[2]  Kilpatrick v.

---

[1]    The statute provides:
**(B) Period of custody.** - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

[2]    The regulation provides:
An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227,

3

Houston, 197 F.3d 1134 (11th Cir. 1999), <u>affirming</u> 36 F. Supp. 2d 1328 (N.D. Fla. 1999), <u>cert. granted and vacated in light of</u> <u>Lopez v. Davis</u>, 531 U.S. 230 (2001).

In <u>Lopez</u>, the United States Supreme Court upheld the very regulation at issue in this case. The Court held that the Bureau of Prisons "may categorically exclude prisoners [from consideration for early release] based on their preconviction conduct," and that the regulation excluding Lopez was permissible. <u>Id</u>. at 244. The Court further noted:

---

> Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
> 
> > (a) Additional early release criteria.
> > > (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> > > ...
> > > (iv) Inmates whose current offense is a felony:
> > > ...
> > > (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).

4

> The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

Id.

In light of the Supreme Court's decision in Lopez, the respondent's motion to dismiss the petition is due to be granted.

## CONCLUSION

Accordingly, for the reasons stated above, the court finds that the petition for writ of *habeas corpus* under 28 U.S.C. § 2241 is due to be denied and dismissed with prejudice. A separate order will be entered in accordance with this memorandum opinion.

The Clerk is DIRECTED to serve a copy of this memorandum opinion upon the petitioner and upon counsel for the respondents.

DATED this 18th day of September, 2001.

SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE